**LAURA SOLINGER, Esq.**
**51020 Main Rd.**
**Southold, NY 11971**

**(631) 655-4000**
<u>laura.solinger@gmail.com</u>                                              fax **(800) 959-4163**

August 12, 2015

**By Facsimile**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722-9014

       Re:    <u>Watts, et al. v. The County of Suffolk, et al., No. 13 Civ. 1691 (DRH)(AKT)</u>

Dear Judge Tomlinson,

    I am co-counsel to plaintiffs and the class in the above-referenced class action. In late December 2013, plaintiffs moved to compel the production of documents sufficient to identify other class members – *i.e.*, female inmates at Riverhead Correctional Facility since April 1, 2009, including women who have made sexually-based complaints and who were the victims of sexual assault or harassment.

    After full briefing by plaintiffs and Suffolk County, this Court issued a ruling on February 4, 2014, in which, in relevant part, it ordered the County to produce logs for the Court's *in camera* inspection reflecting the female inmates who entered the Rehabilitation Unit at the Riverhead Jail during the class period. The Court's thinking was that these women were more likely to have been victims of defendant Joseph Foti because Officer Foti was generally assigned to the Rehabilitation Unit, and because several of the named plaintiffs alleged that they were assaulted by Officer Foti in that Unit. What plaintiffs had proposed was that the Court send a court-ordered notice to those potential class members to discern whether they are, in fact, class members, and otherwise learn if they have information relevant to the plaintiffs' claims. *See, e.g, Daniels v. City of N.Y.*, 2001 U.S. Dist. LEXIS 2312, at *6 (S.D.N.Y. Mar. 8, 2001).[1]

---

[1]    The Court in *Daniels* required the defendants to supply to the court a list of arrestees so that the court could contact the individuals and inquire whether they were

The County produced many boxes of responsive logs in or around April of 2014. Plaintiffs understand that the *in camera* production was substantial. In Your Honor's February 2014 Order, the Court stated that once it had reviewed the logs, it would "set up a conference with counsel to discuss where this issue is going, if anywhere, and what may be done in light of procedures followed by other courts in this Circuit regarding communication with putative Plaintiffs." (2/4/14 Order).

The parties have not heard from the Court since the February 2014 Order. While awaiting the Court's direction on this issue, the parties have gone ahead and completed deposition discovery. Plaintiffs were wondering whether they might be of assistance in reviewing the logs and compiling a list of potential class members for the Court. Plaintiffs are also willing to draft the letter of introduction to the former inmates and submit the letter to the Court for approval.

Plaintiffs appreciate the Court's attention to this matter.

Very truly yours,

/s/ Laura A. Solinger
Laura A. Solinger


cc:     All counsel (by electronic mail w/ attachments)

---

willing to talk to class counsel. *Id*. The *Daniels* court balanced privacy concerns by having the Magistrate Judge make initial contact with the individuals. *Id*. Once the individuals expressed a willingness to speak with counsel, the judge then released their contact information. *Id*. Therefore, only those individuals who voluntarily and knowingly waived their right to confidentiality would be contacted by counsel for more extensive interviewing. *Id*. Other courts have adopted this same process. *See Nimkoff v. Dollhausen*, 262 F.R.D. 191, 194-95 (E.D.N.Y. 2009) (requiring defendants to "inform the court, *ex parte*, of the [relevant] names and last-know addresses . . . and confirm that their records have been sealed pursuant to CPL § 160.50"); *Scherer v. City of N.Y.*, 2005 U.S. Dist. LEXIS 7725, at *2-3 (S.D.N.Y. Apr. 27, 2005) (defendants required to provide Magistrate Judge with names of non-party witnesses, and Magistrate Judge would contact them to determine whether they were willing to speak with plaintiff's counsel).