UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

SHARON WATTS, TARA LUCENTE,
MICHELLE ATKINSON, JAMIE CULOSO,
AND CATHERINE ANDES,

:	**NOT FOR PUBLICATION**

Plaintiffs,	:	**MEMORANDUM & ORDER**

: 

- against -	:

: 2:13-cv-01691 (AMD) (AKT)

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY SHERIFF'S DEPARTMENT,
SERGEANT JOSEPH FOTI, AND OFFICER
SANTA CRUZ,

Defendants.

---------------------------------------------------------------- X

**ANN DONNELLY, District Judge.**

Plaintiffs Sharon Watts, Tara Lucente, Michelle Atkinson, Jamie Culoso, and Catherine Andes brought this action, on behalf of themselves and others similarly situated, alleging violations of 42 U.S.C. § 1983 due to sexual assault and harassment that they suffered while incarcerated at the Suffolk County Correctional Facility. On November 11, 2016, the plaintiffs requested a pre-motion conference regarding their anticipated motion for leave to amend their complaint to (1) add Janet Viola as an individual plaintiff; (2) drop their class-action claims; and (3) provide additional detail about the defendants' retaliation against two of the plaintiffs. The defendants opposed this request on November 18, 2016, and at the request of the Court, the plaintiffs replied on December 9, 2016. At a January 5, 2017 pre-motion conference, I granted the plaintiffs' request to file an amended complaint. This opinion memorializes that decision.

The defendants only oppose the plaintiffs' requests to add Ms. Viola as an individual plaintiff and to add details regarding retaliation. Like the other plaintiffs in this case, Ms. Viola

1

alleges that she was sexually attacked and demeaned by defendant Sergeant Foti while she was incarcerated at Suffolk County Jail. The plaintiffs' counsel first interviewed Ms. Viola in December 2014, and the defendants deposed her on June 8, 2015.

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend] when justice so requires." Rule 21 provides that "[o]n motion . . . the court may at any time, on just terms, add or drop a party." Moreover, it is the rule in this Circuit "to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). In deciding whether the plaintiffs' amendment would prejudice the defendants, I must consider whether the new claim would (1) require the opponent to expend significant resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* I note that delay alone, "absent a showing of bad faith or undue prejudice" is not a basis for a court to deny a party the right to amend its complaint. *Id.*

Here, the defendants have already deposed Ms. Viola in 2015. While some additional discovery as to Ms. Viola's claims may be necessary—for example, her medical records—this discovery should be targeted, and should not require the defendants to expend significant resources. I note that the parties had already agreed to a schedule for their exchange of 56.1 statements and for filing any requests for a pre-motion conference regarding summary judgment. The filing of an amended complaint will require that schedule to be briefly adjourned, and may require revisions or additions to the parties' 56.1 statements. At the January 5, 2017 conference, however, the Court waived its requirement that the parties file a request for a pre-motion conference regarding their anticipated motions for summary judgment, and proceeded directly to

2

setting a briefing schedule. This will help minimize the delay caused by amendment of the complaint.[1] Therefore, I do not find that the plaintiffs' proposed amendment of the complaint would be so prejudicial to the defendants that denial is justified. I also do not find that the plaintiff's delay in amending the complaint was in bad faith.

The defendants also argue that the proposed addition of Ms. Viola as a plaintiff would be futile, because (1) her claims are barred by the statute of limitations; and (2) she has not exhausted her administrative remedies as required by the Prison Litigation Reform Act. The amendment of a pleading is futile when the proposed claim "could not withstand a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002).

As to the statute of limitations, Ms. Viola's allegations are based on incidents that took place in 2010. There is no dispute that the statute of limitations for a § 1983 action is three years. The defendants therefore argue that Ms. Viola's claims, which would be brought close to seven years later, would be untimely, and that they would not relate back to the claims brought in the original complaint. As a preliminary matter, the original complaint in this action was filed as a class action on behalf of all female prisoners since 2009 who have been subjected to sexual harassment by defendant Foti. There appears to be no dispute that Ms. Viola would have been a proper member of this class. Under these circumstances, the filing of the class action complaint on March 28, 2013 tolled the statute of limitations as to all the asserted class members, including Ms. Viola. *Crown, Cork & Seal Co., Inc. v. Parker,* 103 S.Ct. 2392, 2397, 462 U.S. 345, 353–54

---

[1] Further, the parties jointly proposed a schedule in which they would begin to exchange their 56.1 statements, pursuant to my individual rules, before the plaintiffs moved to amend their complaint.

3

(1983). Therefore, the question is whether Ms. Viola's claims were timely on March 28, 2013, when the original complaint was filed.

The plaintiffs allege that at least three incidents that form the basis of Ms. Viola's complaint—including one of defendant Foti's alleged sexual assaults against her—fall within the three year statute of limitations. This means that at least some of the bases of her claims against the defendants are timely. The plaintiffs also argue that Ms. Viola's claims are subject to the continuing violation doctrine. Under this doctrine, when a plaintiff brings a section 1983 action challenging a discriminatory policy, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir.1994), abrogated in part on other grounds, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In this circuit, a continuing violation may be found "where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Id.*, at 704. "Where a continuing violation can be shown, the plaintiff is entitled to bring suit challenging all conduct that was a part of that violation, even conduct that occurred outside the limitations period." *Id.*

I find that the plaintiffs have adequately alleged ongoing discriminatory policies or practices by the defendants, as they have asserted that the defendants failed to train male correction officers and did not respond to female inmates' complaints of sexual harassment by those officers. As a result, the plaintiffs have adequately alleged that all conduct that was part of this violation—including allegations by Ms. Viola against defendant Foti—comes within the statute of limitations. Therefore, the plaintiffs' proposed amendment to the complaint to add Ms. Viola is not futile due to the statute of limitations.

The defendants also argue that Ms. Viola's claims would be futile under the Prison Litigation Reform Act because, as she admitted, she never filed a grievance at the Suffolk County Correctional Facility. In order for a plaintiff to be bound by the exhaustion requirements of the PLRA, however, those administrative remedies must have been available to the prisoner. *Ross v. Blake*, 136 S.Ct. 1850, 1858-59 (2016). An administrative remedy is not available when prison officials prevent inmates from using the grievance process through "machination, misrepresentation, or intimidation." *Id., at* 1859. The plaintiffs allege that Ms. Viola was so intimidated by the actions of defendant Foti and other corrections officers towards both her and others that the prison grievance process was effectively unavailable to her. I also note that Ms. Viola testified that she had never heard of a grievance procedure at the facility. While there are factual questions surrounding these allegations, they are not appropriate for resolution at this stage of the case. At this point, I do not find that Ms. Viola's proposed claims would be futile based on her failure to file a grievance.

Therefore, I find that the plaintiffs may amend their complaint to add Janet Viola as a plaintiff. Moreover, the plaintiffs' proposal to add one additional plaintiff but drop their class claims will streamline this litigation, and would avoid an independent suit by Ms. Viola.

With respect to the plaintiffs' request to add additional details regarding retaliation against two of the plaintiffs, that request is granted. The plaintiffs are not asking to add new claims to the complaint, but rather are asking to add new details to some of those claims based on what they learned in discovery. As the information that the plaintiffs seek to add to the complaint comes from the defendants' depositions of the plaintiffs, presumably any additional discovery that is necessary would be limited in scope.

In sum, I find that the plaintiffs may amend their complaint to (1) remove their class claims; (2) add Janet Viola as an individual plaintiff; and (3) provide additional detail about the defendants' retaliation against two of the plaintiffs. The plaintiffs are to file their amended complaint by January 19, 2017.

**SO ORDERED.**

s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      January 6, 2017